UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBIRTH CHRISTIAN ACADEMY DAYCARE, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| MELANIE BRIZZI in her official capacity as Child Care Admin. for the Division of Family Resources of the Indiana Family and Social Services Admin., <br>DEBRA MINOTT in her official capacity as Secretary of the Indiana Family and Social Services Administration, | )<br>)<br>)   No. 1:12-cv-01067-SEB-DKL<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This cause is now before the Court on Plaintiff's Motion for Reconsideration [Docket No. 43], filed on January 28, 2014. Plaintiff Rebirth Christian Academy Daycare, Inc. ("Rebirth") requests that we reconsider our January 13, 2014 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss to the extent that the Order dismissed on qualified immunity grounds Rebirth's claims against Defendants in their individual capacities. Because, upon review, we find no manifest error of law or fact in our previous entry, we <u>DENY</u> Plaintiff=s motion.

The additional authority cited by Plaintiff in its motion for reconsideration (none of which is from our circuit) does not change our qualified immunity analysis. We do not quarrel with the fact that it was clearly established at the time the alleged violations at issue in this lawsuit occurred that when a government benefit "cannot be removed except 'for cause,'" an

1

individual has a property interest in that benefit and that some form of process must be provided before that benefit is revoked. *Logan v. Zimmerman v. Brush Co.*, 455 U.S. 422, 430 (1982). However, that is a fairly generalized definition of the constitutional right at issue. For Plaintiff to defeat Defendants' defense of qualified immunity, the constitutional right at issue must be "particularized" such that "[t]he contours of the right [were] sufficiently clear that a reasonable official would understand that what he [or she] was doing violate[d] that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). As the United States Supreme Court recently reiterated in *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2023 (2014), "we have repeatedly told courts … not to define clearly established law at a high level of generality since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances he or she faced." (internal citations and quotation marks omitted). In other words, a defendant's actions must be "defined or characterized according to the specific facts of the case" and then compared to the case law to determine whether it shows "that the now specifically defined actions violated the clearly established law." *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988) (en banc), *cert. denied*, 488 U.S. 968 (1989).

As we previously held, no decision of which we are aware would have alerted the state officials here that the failure to unilaterally create and initiate administrative appeal procedures following the removal of the exemption from the child care licensure requirements at issue in this case violated clearly established law, especially given that Plaintiff was provided at least some process, including three weeks' notice before the revocation and an opportunity to correct identified deficiencies. Nothing presented by Plaintiff in its motion for reconsideration alters this conclusion or persuades us that our prior ruling contained a manifest error of law or fact that would justify reconsideration. Accordingly, we <u>DENY</u> Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

Date: 07/18/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov